

IN THE
TENTH COURT OF APPEALS

No. 10-16-00255-CV

IN THE INTEREST OF K.V. AND P.Z.B., CHILDREN

From the 74th District Court
McLennan County, Texas
Trial Court No. 2015-331-3

ABATEMENT ORDER

On January 30, 2015, the Department of Family and Protective Services brought suit to terminate Appellant M.B.'s parental rights to P.Z.B. On February 6, 2015, M.B. filed in the trial court a request for a court-appointed attorney and an affidavit of financial condition. Although the order is not included in the appellate record, the trial court appears to have appointed Patrick Brady to represent M.B. in this matter. The final hearing was conducted on July 19, 2016. On July 20, 2016, the trial court sent a letter memorandum to the parties explaining the trial court's decision and findings in this case. The final order of termination was not signed until November 9, 2016.

On August 5, 2016, M.B. filed in the trial court a motion to terminate counsel of record on appeal. M.B. stated that he was "invok[ing] his right to terminate Counsel

Patrick Brady as appellate counsel of record in this case, and his right to proceed pro se in the matter." M.B. asserted that he wanted the trial court to terminate Brady as his attorney of record because there was a direct conflict of interest and irreconcilable difference in their attorney/client relationship. On September 19, 2016, the trial court signed an order granting M.B.'s motion and discharging and relieving Patrick Brady of all duties in this matter.

M.B. filed a pro se notice of appeal on August 5, 2016, appealing the termination of his parental rights. On December 7, 2016, this Court notified M.B. that his docketing statement and brief were overdue. On December 29, 2016, M.B. filed motions for extension of time to file his docketing statement and opening brief.[1] M.B. states that he requests an extension of time because he cannot afford counsel at this time and needs time to hire an attorney or to be appointed an attorney.

If M.B. is indigent, he has a statutory right to appointed counsel. TEX. FAM. CODE ANN. § 107.013(a). If the trial court has already determined that M.B. is indigent under section 107.013, M.B. is presumed to remain indigent for the duration of the suit and any subsequent appeal. *Id.* § 107.013(e). Accordingly, we abate this cause to the trial court for a hearing to determine whether M.B. is indigent or presumed to remain indigent during this appeal, in which case the trial court shall appoint counsel for M.B.

---

[1] The motions do not contain proof of service. However, to expedite this matter, we implement Appellate Rule 2 to suspend Rule 9.5's proof-of-service requirement for these documents only. **All future filings by M.B. shall comply with Rule 9.5.**

The trial court shall conduct the hearing within 14 days after the date of this order. The trial court clerk and court reporter shall file supplemental records within 14 days of the date of the hearing.

PER CURIAM

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Appeal abated
Order issued and filed January 18, 2017
Do not publish

